**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2008**

LILLIAN L. MCFARLAND-PEEBLES,

Plaintiff - Appellant,

v.

COMMONWEALTH OF VIRGINIA DEPARTMENT OF MOTOR VEHICLES,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge. (1:08-cv-00081-LMB-JFA)

Submitted:  September 4, 2009      Decided:  November 19, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lillian L. McFarland-Peebles, Appellant Pro Se.  Gregory Clayton Fleming, Senior Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lillian L. McFarland-Peebles ("McFarland") appeals the district court's grant of summary judgment to the Virginia Department of Motor Vehicles ("DMV") on McFarland's civil action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2009). Because the district court did not err in granting summary judgment, we affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The ADA prohibits discrimination against an otherwise qualified individual with a disability because of the disability of that individual. 42 U.S.C.A. § 12112(a). The plaintiff has the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th

2

Cir. 1995). To establish a prima facie case, McFarland must demonstrate that: (1) she has a disability; (2) she is a "qualified individual" for the job in question; and (3) she was discharged because of her disability. E.E.O.C. v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000). A "qualified individual" is "one 'who, with or without reasonable accommodation, can perform the essential functions' of her job." Id. (quoting 42 U.S.C.A. § 12111(8)).

When granting summary judgment, the district court determined that McFarland failed to demonstrate she could perform the essential functions of her job. Though McFarland now contends that she could have performed her job had she been placed in another position, this assertion contradicts her earlier sworn statements. In a span of less than four years, McFarland suffered a dozen epileptic seizures, during which she would experience "sharp pain radiating from the front to the back of her head," followed by "periods of uncontrollable shaking lasting 5 to 20 minutes." Though her seizures were initially controlled with medication, the efficacy of this treatment significantly lessened as time passed, until McFarland was experiencing severe seizures on a semiweekly basis despite large doses of medication. Such frequent seizures would significantly interfere with, if not negate, her ability to perform the essential functions of her job. While McFarland

3

contends that she could have been reassigned to a position that did not focus so heavily on stressful customer service, and would therefore be less likely to cause a seizure, her seizures occurred both at home and at work. Because these frequent seizures would prevent McFarland from performing the essential functions of any office position, the district court did not err in determining that McFarland failed to establish a prima facie case of discrimination.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4